STATE, PLAINTIFF, *v.* COLEMAN, DEFENDANT.

Lucas County District Court 1.

No. 21619.

*Mr. Benjamin Marsh*, city solicitor, and *Mr. Thomas D. Smith*, assistant city solicitor, for plaintiff.
*Mr. Wm. Kent Fenton*, for defendant.

CARPENTER, J. The defendant is charged with the possession of pornographic and other material contrary to Section 2905.34, Revised Code. The affidavit states offense committed 21st of April, 1963, it was filed on April 23rd in this court. Trial April 26, 1963; upon trial defendant filed motion to suppress the evidence for the reason that search was made before the affidavit filed, as a matter of fact the officer had permission

to search on Sunday, April 21, 1963, for a knife and in the process of search discovered pornographic material. It was not exhibited to him or offered for sale.

A question arose because search was made before the search warrant was issued according to dates of search warrant.

There is no doubt that search would be illegal if such were the fact, however the search warrant and affidavits trying to correct the date of search warrant are to this court not as important as other factors.

It must be considered that the officer while searching for the knife as a result of an assault and battery upon the defendant came upon a most reprehensible pornographic picture of the defendant in an undescribable lewd act, perhaps for his own personal gratification; the court in no way condones such obscene picture but on the other hand is bound to protect and preserve the defendants individual rights in accordance with the law and the Constitution of the United States of America and the State of Ohio.

Therefore it is important to check the history of the statute involved—Section 2905.34, Revised Code.

The heading of Section 13035, General Code, the preceding statute states that the object of the statute is to limit the act to disposing of, or exhibiting literature.

That statute also states, ''or has in his possession for such purpose'' the purpose being displaying or exhibiting.

On page 252—15 Ohio Jurisprudence, (2d), Section 19— ''In the interpretation or construction of statutes, the prime function of the court is to ascertain, declare and give effect to the intention of the law making body as gathered from the provisions enacted.''

''It may be gathered from the provisions of the enactment, the title or chapter of the code in which it appears, and the apparent purpose of the law as applied to the evil at which it is aimed.''

Due to the fact that the penalty for mere possession, if not coupled with the intent of the legislature that the law was passed for the protection of the public, as distinguished from an infringement of a mere private right, any person having such objectionable photograph could be held and punished severely. It does not exclude any person, not even an officer, so it seems

that in the revision of the code possession is linked with the mens rea, the intent to disseminate the prohibited matter.

In *State* v. *Griffith*, 23 Ohio Opinions (2d), 235.

The court held—''Section 2905.40, Revised Code, purporting to impose an absolute criminal liability upon one who operates or permits another to operate on his premises a picture machine exhibiting proscribed pictures without reference to guilty knowledge (Scienter) or guilty purpose'' mens rea on the part of the accused is unconstitutional.

It is not the intent of this court to construe the statute beyond the manifest intention of the legislature but from the various decisions the aim of the legislature was to protect the public from having such material circulated, exhibited or disseminated.

The heading of Section 2905.34, Revised Code, ''is possessing for criminal purpose.''

In this case the defendant had in his possession the material for his own personal gratification.

In *State* v. *Wetzel*, 173 Ohio St., 16—18 Ohio Opinions (2d), 203.

In the *Wetzel case*, the court held that defendant had both scienter and mens rea and held that *State* v. *Mapp*, 170 Ohio St., 427—did not govern the facts.

The affidavit in the present case does not set forth mens rea—Judge Taft and Judge Herbert dissented in the *Wetzel case* and Judge Bell while concurring says: ''The intent of the legislature in enacting Section 2905.34, Revised Code, must have been to prevent such dissemination or some other equally pernicious guilty purpose; it can not be assumed that the Legislature intended a deliberate invasion of personal freedoms.''

And the Judge further states that ''one who has in his possession an item that might be termed obscene would, unless guilty purpose is included would make the statute unconstitutional.''

In *State* v. *Jacobellis*, 173 Ohio St., 22, 18 Ohio Opinions (2d), 207, Judge Radcliff says on page 210, he could only be said to violate the law when and if he forms the purpose to use, exhibit or sell it wrongfully, in other words forms the mens rea and acts in furtherance thereof.

When this phrase is read in context with and in relation

to the rest of the Section it is readily apparent that such phrase does not relate to the mere possession for private and personal gratification but to possession and control for the purpose of circulation or exhibition a matter wholly under police power.

It is the opinion of this court that the legislature by the statutes discussed intended to protect the people from the lewd, licentious filth and obscene pictures, et cetera.

In the case of a motion picture the mens rea might assume from the mere possession and an exhibitor placed on guard, but in the instant case, the material in question was found while searching for a knife, hidden from public view, and then charged by the officer with possession and then possessed by the officer and exhibited to the court and offered in evidence.

For the above reason the court grants the motion to suppress the evidence offered in the matter and defendant is discharged.